HARTFORD CASUALTY INSURANCE COMPANY and Hartford Fire Insurance Company, Plaintiffs,

v.

SANY AMERICA, INC. and Hui Xiao, Defendants.

Civil Action No. 3:13–cv–157–TCB.

United States District Court, N.D. Georgia, Newnan Division.

Jan. 8, 2014.

Christopher Cody Meeks, Linda Bridge-water Foster, Seth M. Friedman, Weissman Nowack Curry & Wilco, P.C., Atlanta, GA, for Plaintiffs.

Giorgio Caflisch, Kyle M. Rowley, Shelley Rogers, Sheehy, Ware & Pappas, P.C., Houston, TX, Mark Daniel Lefkow, Clinton Fuller Fletcher, Nall & Miller, LLP, Atlanta, GA, for Defendants.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Defendant SANY America, Inc.'s motion to dismiss for improper venue [6].

## I. Background

This is a declaratory-judgment action brought by two insurers against their insured and its employee. The insurers, Plaintiffs Hartford Casualty Insurance Company and Hartford Fire Insurance Company, seek a declaration of noncover-age with respect to policies they issued to Defendant SANY.

SANY is a Delaware corporation with its principal place of business in Peachtree City, Georgia. Defendant Hui Xiao was an employee of SANY during the coverage period. Xiao's state of residence is not identified in the complaint, but the complaint does aver that he is a "non-resident of Georgia." As of the date of this Order, he has not been served.[1]

SANY and Xiao have been named as defendants in a wrongful-death suit pending in state court in Harris County, Texas (the underlying action). The underlying action, which was filed on May 14, 2010, arises from an accident that occurred in Harris County on April 30, 2010. In late June 2012, Plaintiffs received notice from SANY of the accident, the underlying action, and Defendants' policy claims for defense costs and indemnification.

Plaintiffs issued three policies to SANY with effective dates of April 16, 2010 through April 16, 2011: (1) a commercial automobile liability policy; (2) a commercial general liability policy; and (3) an umbrella policy. The policies were delivered to SANY at its principal place of business in Peachtree City, and in June 2012 SANY's Georgia insurance agent, also located in this district, informed Plaintiffs of the accident and the underlying action.

On September 6, 2013, Plaintiffs filed this action in which they seek a declaration of noncoverage. On November 19, 2013, SANY filed a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).

---

1. On January 6, 2014, Plaintiffs filed a motion to extend the time period for them to serve Xiao [20]. They explain that Xiao has not been located despite their diligent efforts, and it is possible that he is in China.

## II. Legal Standard

■ Rule 12(b)(3) allows a party to present by motion the defense of improper venue. 28 U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue is determined by 28 U.S.C. § 1391(b), which provides,

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In some cases, venue will be proper in more than one district. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003).

## III. Discussion

As an initial matter, § 1391(b)(1) does not apply to this case. Under that subsection, venue lies in the district where the action was filed if at least one defendant resides therein and all defendants reside in the state where the district is located. Plaintiffs aver in their complaint that Xiao is not a resident of Georgia. Thus, subsection (b)(1) is inapplicable.

Turning to § 1391(b)(2), venue may also lie where a "substantial part of the events

or omissions giving rise to the claim occurred." SANY contends that all of the underlying events giving rise to its policy claims occurred in Houston, Texas, which is also where Plaintiffs are defending it and Xiao in the underlying action.[2]

Plaintiffs respond that even if venue is proper in Houston, Texas, venue is also proper in this district, as a substantial part of the events giving rise to Plaintiffs' lawsuit occurred here. They rely on the fact that the policies under which SANY seeks coverage were procured, delivered and allegedly breached in this district.

The Court finds the Eleventh Circuit's analysis of § 1391(b)(2) in *Jenkins Brick*, 321 F.3d at 1371–73, instructive. There, an employer sued its former employee, who went to work for a competitor, to enforce non-compete clauses in the parties' employment agreement. Jenkins Brick was an Alabama corporation, and the employee lived and worked in Georgia. Jenkins Brick filed suit in the Middle District of Alabama, and the district court subsequently transferred the action to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). The employee then moved for summary judgment on Jenkins Brick's claims, and whether the non-compete clauses were enforceable depended on whether venue was proper in Alabama or Georgia. Given the procedural posture of the case, the parties agreed that § 1391(b)(2) determined venue.

The circuit court explained that under subsection (b)(2) venue could be proper in more than one district, but the court emphasized that "[o]nly the events that directly give rise to a claim are relevant" to venue, *id.* at 1371, i.e., "only those acts and omissions that have a close nexus to the wrong" are taken into account, *id.* at 1372. Consequently, "of the places where the

---

**2.** On September 17, 2013, Xiao was dismissed from the underlying action.

events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* at 1372.

Applying these principles, the circuit court looked at the acts or omissions by the employee that gave rise to Jenkins Brick's claim and where a "substantial part" of those acts or omissions took place. The court held that venue was proper in the Southern District of Georgia because the "events that gave rise to Jenkins Brick's claim occurred exclusively in Georgia." *Id.* Specifically, the contract was presented to and executed by the employee in Georgia; the non-compete clauses were intended to be performed primarily in Savannah, Georgia; and most importantly, the contract was breached in Georgia when the employee failed to abide by the non-compete clauses.

■ Here, as in *Jenkins Brick,* Plaintiffs' declaratory-judgment claim arises from insurance policies issued and delivered in Georgia. But as *Jenkins Brick* suggests by its consideration of other facts, this alone is not enough to lay venue in this district. Thus, the Court looks at the nature of Plaintiffs' claim to determine what and where SANY allegedly did wrong.

Plaintiffs essentially aver that SANY does not have coverage for three reasons. First, they assert that SANY has not satisfied all the conditions precedent for coverage under the policies, including the requirement that Plaintiffs be notified in writing as soon as practicable about a potential claim and forwarded immediately every demand, notice, summons, or other process the insured receives. Second, Plaintiffs argue that that the facts of the underlying action trigger exclusions from coverage. Third, Plaintiffs contend that there is no coverage for punitive damages, fines or penalties. Thus, the alleged wrongs, among others, are SANY's (1) failure to satisfy conditions precedent, mainly its failure timely notify Plaintiffs of the accident and underlying action; (2) seeking defense costs and indemnification for an accident that is excluded from coverage under the policies; and (3) seeking indemnification for punitive damages that are also excluded from coverage.

As for SANY's failure to give timely notice of the underlying action, this event occurred in Georgia, specifically this district, where SANY's principal place of business is located and thus where it failed to timely act. In addition, this district is also where the policies were delivered, where SANY would receive notice of a claim's denial or payment, and where its insurance agent informed Plaintiffs of the underlying action. *See Jenkins Brick,* 321 F.3d at 1372 (non-compete agreement deemed executed in district in which employee signed and breached contract, as that is where employee failed to perform an obligation due thereunder).

SANY's alleged failure to give timely notice is also a substantial part of the events giving rise to Plaintiffs' claim because untimely notice might wholly bar SANY's recovery of any money under its insurance policies. Indeed, in evaluating the merits of Plaintiffs' arguments, the Court would begin with their contention that SANY failed to satisfy this condition precedent because, if successful, this argument could moot Plaintiffs' other reasons for denying coverage. Although the notice inquiry would require the Court to look at when the accident occurred and when the underlying action was filed, the act or omission with a "close nexus to the wrong" is SANY's two-year delay in informing Plaintiffs about the accident and the underlying action. That delay occurred in this district. *See also Sterling Wholesale, LLC v. Travelers Indem. Co. of Conn.,* No. 12–60500–CIV, 2012 WL 1991456, at *2

(S.D.Fla. May 29, 2012) (venue under subsection (b)(2) did not lie in district where transaction potentially relevant to determining coverage occurred because transaction did not involve insurer's allegedly wrongful conduct in (1) denying insurer-plaintiff's claim, which occurred in a second district, and (2) failing to defend lawsuit pending in a third district). Thus, venue is proper in this district.

As for SANY's allegedly improper request for defense costs and indemnification for all damages, this act also took place in Georgia for the same reasons stated above—SANY's principal place of business is in this district, the request came from this district, and if Plaintiffs chose to reimburse SANY for its defense costs and any award against it, those monies would be sent to Georgia. So again, a substantial part of the events giving rise to this portion of Plaintiffs' claim occurred in this district.

The Court notes that Plaintiffs are also defending the underlying action in Texas, where the accident occurred. Thus, the Court's evaluation of the policy exclusions will depend on the accident details, and even the Court's handling of this case might depend on rulings in the underlying action. But these facts do not render venue improper in this district. Rather, they show that a substantial part of the events giving rise to Plaintiffs' claim also occurred in Texas; thus, venue is proper in more than one district. *See Kolodziej v. Mason,* No. 1:10–cv–2012–JEC, 2011 WL 2009467, at *6–*7 (N.D.Ga. May 20, 2011) (finding substantial part of events in breach-of-contract action occurred in both Florida, where initial offer and alleged breach took place, and Georgia, where contract formation and performance occurred).

Because a substantial part of the events giving rise to Plaintiffs' declaratory-judgment claim occurred in this district, venue is proper, and SANY's motion will be denied.

## IV. Conclusion

SANY's motion to dismiss [6] is DENIED.

IT IS SO ORDERED this 8th day of January, 2014.